**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

## § 2241 HABEAS CORPUS PETITION FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241 OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

James Jean-Rene,
Inmate/Alien # 68127-018.

(Enter full name of Petitioner, prison number or alien [A] number, if applicable, AND address of place of confinement.)

vs.

CASE NO: 3:21-cv-870-MCR-MJF

M.V. Joseph, Warden of
FPC Pensacola,

(Enter name and title of each Respondent. If additional space is required, use the blank area below and directly to the right.)

**ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM**



## ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

   (a). ☐ a conviction
   (b). ☒ a sentence
   (c). ☐ prison disciplinary action or other action resulting in lost gain time credits
   (d). ☐ parole
   (e). ☐ immigration/removal
   (f). ☐ other (explain): ______

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

   (a). Name(s) and location(s) of court:
   (b). Case Number(s):
   (c). Charge(s) for which you were convicted:
   (d). What was your plea? (Check one)
   (1) Not Guilty ☐
   (2) Guilty ☒
   (3) Nolo contendere ☐

   (e). Did you appeal from the judgment of conviction? Yes ☐ No ☒

3. If you did appeal, answer the following:

   (a) Name of Court: ______ Case #: ______

   (b) Result: ______

   (c) Date of opinion and mandate (citation, if known): ______

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

   (a) Have you filed a motion under 28 U.S.C. § 2255?
   Yes ☐ No ☒

   If yes, please provide the case #, where filed, relevant date(s), and the results: ______

   (b). Explain why the remedy under § 2255 was or is inadequate or ineffective: ______

   This is FSA relief; if applied, post-conviction and post sentencing, discharges the inmate.

5. Are you currently represented by counsel in this case or in any other court case?

Yes ☐ No ☒

If yes, please explain: ____________________

6. If this case concerns removal proceedings:
(a) Date of final order of removal: ____________________
(b) Did you file an appeal with the Board of Immigration Appeals? Yes ☐ No ☐

7. In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. Conclusions that are not supported by specific facts are insufficient. You may attach additional pages if necessary to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

(a). Ground one: FSA of 2018 "Work Credit's" towards sentence

Supporting FACTS (state *briefly* without citing cases or law): Petitioner has worked since January of 2019 as a UNICOR worker. (Bus driver; truck driver) Under the FSA, this "productive time" has earned over 1 year of credit towards his sentence. If ordered, he is immediate release.

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
Yes ☐ No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: ____________________

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

____________________

(b). Ground two: ____________________

Supporting FACTS (state *briefly* without citing cases or law): ____________________

N/A

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: ______

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

______

(c). Ground three: ______

Supporting FACTS (state *briefly* without citing cases or law): ______

N/A

______

Exhaustion:

[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: ______

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

______

(d). Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law): ______

N/A

______

Exhaustion:

[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any

appeals: ______________________________

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

______________________________

(e). Ground five: ______________________________

Supporting FACTS (state *briefly* without citing cases or law): ______________________________

N/A

Exhaustion:

[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any

appeals: ______________________________

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

______________________________

(f). Ground six: ______________________________

Supporting FACTS (state *briefly* without citing cases or law): ______________________________

N/A

Exhaustion:

[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals: ______

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s).

______

8. WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the following relief:

**DECLARATION**

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

X 06-21-2021
(Date)

X [signature]
Signature of Petitioner

**IF MAILED BY PRISONER:**

I declare or state under penalty of perjury that this petition was (check one):

☐ delivered to prison officials for mailing, or ☐ deposited in the prison's internal mail system on: X 06-21-2021 (date).

X [signature]
Signature of Petitioner

James Jean-Rose
Petitioner

v.

Case no. ______________

M.V. Joseph
Respondent

MEMORANDUM OF LAW

Even though the Constitution in Article I § 9 Clause 2 guarantees: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion, the public Safety might require it". the Suspension Clause, Congress is not beyond enacting statutes that suspend the writ of habeas corpus, 28 U.S.C. § 2241(e) operating as "an unconstitutional suspension of the writ of habeas corpus." Boumediene v. Bush 171 L Ed 2d 41, 57 (2008).

I. Common Law Writ as a Right

Habeas corpus is "a writ antencedent to statute, ... throwing its root deep into the genius of our common law... an integral part of our common law heritage." Rasul v. Bush 542 U.S. 466, 473 (2004).

> "Habeas Corpus is an historic writ and one of the basic safeguards of personal liberty. [] There is no room for niggardly restrictions when questions relating to its availability are raised. [] Such holding would have grave and alarming consequences." Hirota v. McArthur 338 U.S. 197, 201 (1949).

> "[A]ny person who is deprived of his liberty by officials of the United States, acting under purported authority of the Government, and who can show that his confinement is in violation of a prohibition of Constitution, has a right to the writ. [] The writ of habeas corpus is the established, time-honored process in our law for testing the authority of one who deprives another of his liberty. [] To deprive a citizen of his only effective remedy would not only be contrary to the rudimentary demands of justice but destructive of a constitutional guaranty (sic) specifically designed to prevent injustice." Johnson v. Eisentrager supra at 963, 964, 967.

Habeas corpus "enforces the common law." Ex Parte Watkins 28 U.S. 193, 198 (1830). In Johnson v. Eisentrager 339 U.S. 763 (1950), the Supreme Court held that the right to common law writ of habeas corpus cannot be denied by exclusion in federal statute.

II. Habeas Corpus v. Motion Pursuant 28 U.S.C. § 2255

28 U.S.C. § 2255 is an ineffective and inadequate imitation for common law habeas corpus, "**analogous** to habeas corpus," Sullivan v. U.S. 198 F. Supp. 624 (SD NY 1961); "enacted in order to authorize relief **comparable** to habeas corpus" Stead v. U.S. 395 F. Supp. 1299, 1300 (ED Mo. 1975); "a **substitute** in large measure (but obviously not altogether) for habeas corpus" Mercado v. U.S. 183 F.2d 486, 487 (1st 1950); and the misnomer about its purported expediency, "§ 2255 provides expeditious remedy [] without resort to habeas corpus." U.S. v. Hayman 342 U.S. 205, 218 (1952).

Even the statute itself, 28 U.S.C. § 2255(d) admits it is not habeas corpus, that appeal may be taken from an order denying § 2255 relief, "as **from** the final judgment on application for a writ of habeas corpus."

Whereas a § 2255 motion may only be filed in the

sentencing court and the issues raised in one may not be raised in another as res judicata applies to a § 2255 motion, "res judicata is inapplicable in habeas corpus proceedings". Fay v. Noia 372 U.S. 391, 423 (1963). "[R]es judicata does not apply to applications for habeas corpus." Darr v. Burford 399 U.S. 200, 214 (1950). At common law, the denial by a court or judge of an application for habeas corpus was not res judicata. "At common law, res judicata did not attack a court's denial of habeas relief." McClesky v. Zant 499 U.S. 467, 469 (1990). Instead, "a renewed application could be made to every other judge or court in the realm, and each court or judge was bound to consider the question independently, and not be influenced by the previous decisions refusing discharge." Schlup v. Delo 513 U.S. 298, 317 (1995)."[D]enial of a remedy in one District Court was not a denial is all of them. [] But there is none if the jurisdiction of the District Court is in all respects restricted to cases of prisoners who are confined within its geographical boundries," Hirota v. McArthur supra at 201, or for that matter the sentencing court. "A person detained in custody might thus proceed from court to court until he obtained liberty." Even after one court has declined to grant habeas relief, other federal courts have power to act on a new application by the prisoner. Salinger v. Loisel 265 U.S. 224 (1924).

> "While a prior refusal to discharge a prisoner on habeas corpus is not without bearing when a later habeas corpus application raising the same issue is considered, a prior refusal has no bearing or weight on the disposition to be made of a new issue raised in a subsequent application." Price v. Johnston 334 U.S. 266, 289 (1948).

Whereas a § 2255 motion may only be filed in the "court which imposed the sentence." a petition for writ of habeas corpus may be filed in any other federal court that has power to act on a new application by the prisoner. Salinger supra at 228. "The question whether the individual shall be imprisoned is always distinct from the question of whether he shall be [] acquitted of the charges, [] and therefore these questions are separated, and may be decided by different courts." Ex Parte Tom Tong 108 U.S. 556, 560 (1883). The sentencing court may be the same court who had acted corruptly or who may have knowingly denied petitioner his constitutional rights and thus decline to or refuse to recognize its own corruption or judicial error, making habeas review by another or superior court imperative.

Whereas a § 2255 pleads with the sentencing court to review and admit its own errors or corruption, habeas corpus in another federal or superior court, even the Supreme Court, is a proper remedy for reviewing proceedings of a court in a criminal case where wrongful conviction was obtained by denial of petitioner's constitutional rights. "The position that the decision of an inferior court of the U.S. in a criminal case cannot be inquired into unless there is appellate jurisdiction in such case, goes too far and runs into the argumentum absurdum." Ex Parte Watkins supra at 198.

The reason habeas corpus may be sought from another federal court is because "courts must be kept open to guard against injustice through judicial error" in any other court.

Darr v. Burford 399 U.S. 200, 214 (1950). "In habeas corpus proceedings, the [superior] court has the power to inquire with regard to [] the inferior court" Johnston v. Zerbst 304 U.S. 458 (1938), indicating that habeas corpus could be had from superior courts such as the Supreme Court, especially since District Courts are not the only ones denying prisoners their constitutional rights, Courts of Appeal do so too.

Whereas a § 2255 "can not be used to relitigate questions raised and decided on direct appeal." U.S. v. Sanin 252 F.3d 79, 83 (2nd 2001), habeas corpus has no such limitation and is available for violations of constitutional rights in any court proceedings where it may be found where the court, in its proceedings, denied petitioner's constitutional rights, even Courts of Appeal. Bowen v. Johnston 306 U.S. 19, 23 (1939).

Whereas § 2255 is a legislative creation to curtail the liberal provisions of habeas corpus under common law, "habeas corpus is not a creature of the legislature." It is common law. Rave v. Peyton 383 F.2d 709,715 (4th 1967).

Whereas a sentencing court may not entertain a second or successive § 2255 motion unless by authority of the Court of Appeals, habeas corpus "is a writ of right. and cannot be refused." Ex Parte Burford 7 U.S. 448 (1806). Habeas corpus "may unquestionably be had in common law." Ex Parte Bollman 8 U.S. 75 (1807), not contingent on a Circuit Court's "grace". "Since it is the settled law that accused has the right to apply for successive writs, it cannot be that the exercise of the lawful right can be nullified by naming that act an abuse

of process." Salinger v. Loisel supra. In Snyder v. Buck 340 U.S. 15, 20 (1950), "a writ of habeas corpus denied in the District Court, had been granted by the Circuit Court of Appeals."

Whereas Congress enacted § 2255 pursuant its claimed power to regulate its courts, the "Suspension Clause is an exception [] and guarantees affirmative right to judicial inquiry into the cause of detention... [S]uch inquiry ought not to be denied or delayed." Boumediene v. Bush supra.

Whereas § 2255 limits the relief to vacating, setting aside or correcting **the sentence**, "at absolute minimum, the [Suspension] Clause protects the writ as it existed in 1789," when the Constitution was drafted and ratified. INS v. St. Cyr 533 U.S. 289, 301 (2001). It is "uncontroversial, however, that habeas corpus privilege entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous applications or interpretation of the relevant law". Boumediene v. Bush supra at 55. "Habeas corpus in this country routinely allowed prisoners to introduce exculpatory evidence that was either unknown or previously unavailable to the prisoner" or "where important testimony has been obtained, which, though not newly discovered, or which, though known to [the petitioner], it was not in his power to produce at the former hearing". Boumediene v. Bush supra at 86.

Whereas only a sentencing court has jurisdiction over a § 2255 motion, under habeas corpus, "[i]ndividual circuit judges do have jurisdiction over an original habeas corpus petition."

Parker v. Sigler 419 F.2d 827, 828 (8th 1969).

Under § 2255, ignorance is no excuse to a time bar, whereas the "primary purpose of a habeas corpus proceeding is to make certain that a man is not unjustly imprisoned. And if for some justifiable reason he was previously unable to assert his rights or was unaware of the significance of relevant facts, it is neither necessary nor reasonable to deny him all opportunity to obtain judicial relief." Price v. Johnston 334 U.S. 266, 291 (1948). Habeas corpus provides a remedy for jurisdictional and constitutional errors at trial without limits of time. Johnson v. Zerbst supra.

Whereas disposition of a § 2255 motion is by order, disposition of a petition for writ of habeas corpus, an independant civil suit, is by appealable judgment. 28 U.S.C. § 2255(d).

Whereas a § 2255 does not allow attack on the integrity of the proceedings and may require clear and convincing evidence of innocence and manifest injustice to overcome a procedural bar, Schlup v. Delo supra at 317, the "writ of habeas corpus is the remedy [] because of what is done to enforce laws for punishment of crimes [] to inquire into [] right to liberty notwithstanding the [crime] committed" Ex Parte Tom Tong 108 U.S. 556, 559 (1883).

Even the title for 28 U.S.C. § 2255 indicates its intended purposes, for "attacking sentence", not the legality of being in costudy or confinement, not unlawful conviction, not the integrity of the proceedings, not the corruption in the court

or the crimes committed by U.S. Attorneys and judges for the Government to obtain a wrongful conviction, such as tampering with the evidence, altering documents entered into evidence, suborning perjury, backdating orders, altering the record, concealing their crimes and other misfeasance, malfeasance and nefarious acts, only the sentence, leaving it ineffective and inadequate for purposes other than that. Where Noriega challenged detention and extradition following his release from U.S. custody, his § 2255 motion was dismissed as his challenge "was not directed to any defect in his sentence and thus not cognizable under § 2255." Noriega v. Pastrana 175 L Ed 2d 1098 (2010).

III. Habeas Statutes Riddled With Gaps And Ambiguities

> "[T]he habeas corpus statute [28 U.S.C. § 2241 et seq.] is riddled with gaps and ambiguities that we have traditionally filled or clarified by a process of statutory interpretation that shades easily into a sort of federal common law." Schlup supra at 350.

1. 28 U.S.C. § 2255(a) allows a prisoner in custody (how else would he be a prisoner?) under a sentence of a court created by the legislature, "claiming right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States [] may move the court which imposed the sentence to vacate..."

2. 28 U.S.C. § 2255(e) provides that an "application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [whatever] motion pursuant this section, shall not be entertained if it appears that [*] the court which sentenced him [**] has denied him relief, [or] unless it also

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

[*] 'the applicant has failed to apply for relief, by [whatever] motion, to

[**] or that said court

3. Since paragraph (e) only pertains to someone who makes application for habeas corpus "in behalf of a prisoner", the prisoner himself is obviously not limited by the provisions of paragraph (e). The language "in behalf of" could not be redundant or superfluous. As paragraph (a) specifies that a prisoner may move, paragraph (e) if intended to apply to the prisoner himself would have read:

(e) An application by a prisoner for a writ of habeas corpus who is authorized to apply for relief pursuant this section....

4) Paragraph (e) specifically makes provision for the filing of a petition for writ of habeas corpus in behalf of the prisoner who is authorized to apply for relief by motion pursuant this section [§ 2255] if the applicant has by motion, any motion, not specifically "pursuant this section" applied for and failed to obtain relief from the court which sentenced him, or the remedy by motion, not necessarily limited to a motion "pursuant this section" is inadequate or ineffective to test the legality of his detention. Motion for relief from the sentencing court is thus not limited to motion "pursuant this section".

5) The 1-year limitation of 28 U.S.C. § 2255(f) is only

limited to "a motion under this section".

The foregoing arguments amply demonstate the gaps and ambiguities, inadequacies and unconstitutional aspects of § 2255, which the Supreme Court recognized: "[T]he law of federal habeas corpus is a product of the interplay between statutory language and judicially managed equitable considerations. [] This sort of vague talk might mean one of two things, the first inadequate, the second unconstitutional." Schlup supra at 350.

IV. Supreme Court Has Jurisdiction It Must Take

The Supreme Court has jurisdiction over a habeas corpus petition filed as an original matter. Felker v. Turpin 518 U.S. 651 (1996).

> "It is most true that this Court will not take jurisdiction if it should not, [] but it is equally true that it must take jurisdiction if it should... We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." Marshall v. Marshall 547 U.S. 293, 298-299 (2006).

Marshall quoting from Cohens v. Virginia 19 U.S. 264 (1821), omits "[W]e must decide [a case] if it be brought before us." and that refusing to take jurisdiction which was given by the Constitution or usurping jurisdiction that was not given, either "one or the other would be treason to the constitution." Cohens v. Virginia supra at 405.

Congress may not legislate additional jurisdiction nor may it legislate away the jurisdiction of the Supreme Court in all cases arising under the constitution, laws, or treaties of the United States. Cohens v. Virginia at 405. Congress may act to exclude particular subject matter from the jurisdiction of any legislative court, "except this (Supreme) Court's original

jurisdiction." U.S. v. Mine Worker's Union 330 U.S. 258, 351 (1947).

"This Court has the responsibility to supervise the administration of criminal justice by the federal judiciary. This includes the duty to see that the laws are [] enforced by fair proceedings" Rosenberg v. U.S. 346 U.S. 273, 287 (1953), which it may not delegate to inferior courts who may themselves be the orchestrators of unfair proceedings.

Conclusion

Unless temporarily suspended in cases of rebellion or invasion, Article I § 9 Clause 2 of the Constitution guarantees to anyone in custody unjustly the common law right to seek habeas corpus relief from any federal court, repeatedly, even directly from the Supreme Court under its original jurisdiction, not subject to the filing of a motion to obtain approval to seek such first, nor contingent upon the permission of any other court or legislature.

James Jean-Rene

James Jean-Rave 68127-018
Federal Prison Camp Pensacola
P.O. Box 3949
Pensacola, FL 32516

CHECKED JUN 2 4 2021

US District C
100 N. Palafox S
Pensacola, FL 325