UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES JEAN-RENE,

    Petitioner,

v.                                       Case No.  3:21-cv-870-MCR/MJF

M. V. JOSEPH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner James Jean-Rene ("Jean-Rene") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking redress of the Bureau of Prisons' ("BOP") alleged failure to provide him with earned time credits ("ETCs") toward his sentence of imprisonment. Doc. 1. The government has moved to dismiss the petition because Jean-Rene failed to exhaust his administrative remedies and his petition is premature. Doc. 16. Jean-Rene filed a response in opposition to the government's motion to dismiss. Doc. 18. The undersigned recommends that the District Court dismiss Jean-Rene's petition because he failed to exhaust his administrative remedies.

# I. BACKGROUND

## A. Jean-Rene's Conviction and Sentence

In December, in the United States District Court for the Middle District of Florida, a grand jury charged Jean-Rene with:

**Count One**: Conspiracy to Commit Theft of Government Money or Property and Aggravated Identify Theft, in violation of 18 U.S.C. § 371.

**Counts Two through Eight**: Theft of Government Money or Property, in violation of 18 U.S.C. § 641.

**Counts Nine through Fifteen**: Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A.

*United States v. Jean-Rene*, No. 8:16-cr-00524-SDM-CPT-1, Indictment, ECF No. 1 (M.D. Fla. Dec. 7, 2016).[1]

On August 23, 2017, in a superseding indictment, the government charged Jean-Rene with:

---

[1] The undersigned takes judicial notice of the documents filed in the United States District Court for the Middle District of Florida. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The parties should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the respective court. Documents filed in Jean-Rene's criminal case are delineated "ECF No. __." Documents filed in the instant case are referenced as "Doc. __."

**Count One**: Conspiracy to Commit Theft of Government Property and Aggravated Identify Theft, in violation of 18 U.S.C. § 371.

**Count Two through Eight**: Theft of Government Property, in violation of 18 U.S.C. § 641.

**Counts Nine through Fifteen**: Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A.

*Id.*, Superseding Indictment, ECF No. 40 (M.D. Fla. Aug. 23, 2017).

On October 3, 2017, a jury found Jean-Rene guilty of each count charged in the superseding indictment. *Id.*, Verdict, ECF No. 89 (M.D. Fla. Oct. 3, 2017). On March 28, 2018, a district court judge of the United States District Court for the Middle District of Florida sentenced Jean-Rene to eighty-eight (88) aggregate months of imprisonment. *Id.*, Judgment, ECF No. 135 (M.D. Fla. Mar. 28, 2018). The BOP incarcerated Jean-Rene at the Federal Prison Camp Pensacola. Jean-Rene's projected release date is December 25, 2023. Doc. 16 at 2.

B.    **Jean-Rene's Claim**

On June 25, 2021, Jean-Rene filed a section 2241 petition. Doc. 1. Jean-Rene's petition raises one claim: "FSA of 2018 'Work Credits' towards sentence." Doc. 1 at 3, ¶ 7(a). According to Jean-Rene, he has accumulated over one year of ETCs because he has worked for Unicor since January 2019.[2] *Id.* Jean-Rene seeks

---

[2] "Unicor" is the trade name of the prison-industries program run by the BOP.

an order directing the BOP to apply the ETCs so that he may be released immediately. *Id.*

C. **The Government's Motion to Dismiss**

The government filed a motion to dismiss Jean-Rene's petition for failure to exhaust administrative remedies and for raising a premature claim.³ Doc. 16. First, the government contends that, before initiating this section 2241 action, Jean-Rene did not seek the requisite review of his claim through the BOP's multistage administrative grievance process set forth in 28 C.F.R. §§ 542.10-.19. Doc. 16 at 16-21. Second, the government argues that Jean-Rene's petition is premature because the BOP has until January 2022, to implement the provisions of the FSA. *Id.* at 21-28. Thus, the government argues that the District Court should dismiss Jean-Rene's section 2241 petition without prejudice. *Id.* at 29.

On December 21, 2021, Jean-Rene responded to the motion to dismiss. Doc. 18. Jean-Rene did not dispute the facts raised in the government's motion to dismiss. Rather, Jean-Rene argued that his case should be held in abeyance.

---

³ Because Jean-Rene's failure to exhaust his administrative remedies is dispositive of this petition, there is no need to address the government's argument that Jean-Rene's claim also is premature.

Page 4 of 11

## II. Discussion

Before commencing a section 2241 proceeding, an inmate must exhaust available administrative remedies. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) (noting that courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense"); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) ("[A]n inmate must typically exhaust his or her administrative remedies with the BOP before seeking judicial relief."). "In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman—USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). Generally, the failure to exhaust administrative remedies will result in dismissal of the action.[4] *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 855 (11th Cir. 2020) ("If an inmate fails to exhaust her administrative remedies and the respondent raises the issue in the district court, the district court *may not* grant relief on the inmate's petition.") (emphasis added) (citing *Santiago-Lugo*, 785 F.3d at 475).

---

[4] When a state prisoner files a habeas petition pursuant to 28 U.S.C. § 2254, a court may hold the action in abeyance where the petitioner presents both exhausted and unexhausted claims in a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Jean-Rene, however, filed a habeas petition pursuant to 28 U.S.C. § 2241.

A.   **The BOP's Administrative Grievance Procedure**

The BOP has promulgated a four-level administrative grievance procedure for prisoner complaints "to allow an inmate to seek formal review of an issue relating to *any* aspect" of his confinement. 28 C.F.R. § 542.10(a) (emphasis added). Generally, a federal prisoner exhausts his administrative remedies by first attempting to resolve the matter informally. *Id.* § 542.13(a). If informal resolution is unsuccessful, the prisoner then must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). Finally, an "inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

B.   **Adjudication of Motions to Dismiss for Failure to Exhaust**

Adjudicating a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008); *Blevins*, 819 F. App'x at 855. First, the court looks to the factual allegations

in the respondent's motion and those in the petitioner's response. *Turner*, 541 F.3d at 1082. If the respective assertions conflict, the court must presume that the petitioner's version is true. "If, in that light, the [respondent] is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*; *see also Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008).

"If the complaint is not subject to dismissal at the first step, . . . the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The [respondent] bear[s] the burden of proving that the [petitioner] has failed to exhaust his available administrative remedies." *Id.* Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the petitioner has exhausted his available administrative remedies.

C.  **Application of *Turner* to Jean-Rene's Case**

In its motion to dismiss, the government argues that Jean-Rene failed to exhaust his administrative remedies in reference to the calculation or the application of his First Step Act ("FSA") Credits before filing his section 2241 petition. Doc. 16 at 16. Because there is no dispute that Jean-Rene failed to complete each step of the BOP's administrative process, Jean-Rene's petition is subject to dismissal under step one of the *Turner* analysis.

According to the government, Jean-Rene filed a BP-9 form on March 2, 2021. Doc. 16-1 ¶ 11; Doc. 16-2 at 1. This BP-9 form states:

> I am submitting my request to be submitted for the Covid %50 rule, minimum age 57 yrs old with no violence. My Recidivism was update per Mr Mamula which was keyed in wrong on January 21, 2021 and has been Corrected.
> Please Reconsider my submittal for Covid Home Confinement. I also have 9 months earned time credits I would like to use towards pre-release custody.

Doc. 16-2 at 1 (spelling, grammar, capitalization, and punctuation errors in original). On March 18, 2021, the Warden responded to Jean-Rene's request. Doc. 16-1 ¶ 12. The Warden explained that Jean-Rene did not qualify for home confinement under the Cares Act. The Warden advised that Jean-Rene's "Unit Team," however, would continue to monitor Jean-Rene's case and would process Jean-Rene's referral for home confinement if Jean-Rene became eligible for reconsideration. Doc.16-3 at 1. The Warden also provided a short explanation about the FSA, how inmates receive time credits, how the BOP may apply the credits (either as early release to home confinement or a residential reentry center), and the timeline for the BOP to implement the FSA. *Id.*

Jean-Rene appealed the Warden's denial of the BP-9 and filed a BP-10 form to the regional office. Jean-Rene requested only that his request for home confinement under the Cares Act be reviewed and only tangentially discussed his

ETCs as he alleged it supported his claim to be placed on home confinement under the Cares Act.[5] Jean-Rene request stated:

> I am submitting my request to be submited for the Covid-19 50% rule. I am 57 yrs old with preexisting condition hypertension, borderline diabetic, recidivism is a minimum, custody level is a minimum. I am a non-violent offender. I also have over (9) nine months of earned time credits from working at Unicor, I am currently over 50% statutory term served. I am very Concerned about my health in this pandemic being at this Camp just this past months I contracted the Covid-19 from other inmates being transferred from other institution to this Camp I made it through by the grace of God without any knowing side effect at this time, and I am not fully Vaccinated and now with the rise of the new variants of covid-19 surges and would like to be considered for home confinement for the remained of my sentence.

Doc. 16-4 at 1 (spelling, grammar, capitalization, and punctuation errors in original).

On July 21, 2021, the Regional Office denied Jean-Rene's Regional Administrative Remedy appeal noting that "this is in response to your Regional Administrative Remedy . . . where in you are appealing the Warden's denial of a request for Home Confinement under the Cares Act as you allege you meet the criteria for Home Confinement." Doc. 16-5 at 1. The response explained that on August 5, 2020, Jean-Rene was referred for consideration to the Home Confinement

---

[5] This grievance was insufficient to grieve properly Jean-Rene's claim that he was entitled to the application of ETCs, because Jean-Rene's grievance only requested review of the BOP's decision to deny placement in home confinement under the Cares Act. *See Simpson v. Holder*, 200 F. App'x 836, 840 (11th Cir. 2006) (noting that plaintiff did not exhaust his administrative remedies when his grievances "tangentially referred to his other claims" but did not request a remedy and the prison official's response did not respond to the other claims).

Committee for an Exception Review, but that he was "denied Home Confinement placement by the COVID committee on August 5, 2020." *Id.* It advised Plaintiff that he could bring a motion to request a reduction in sentence with the relevant sentencing court. It also explained that he could appeal to the Office of General Counsel.

Jean-Rene, however, never filed a grievance with the Central Office. Doc. 16-1 ¶ 16. In his petition, Jean-Rene did not respond to the question whether he had presented his claim to the BOP through the grievance system. Doc. 1 at 3. Additionally, in his response to the government's motion to dismiss, Jean-Rene does not contest the government's assertion that he failed to submit a grievance to the Central Office. Because it is undisputed that Jean-Rene did not fully exhaust his administrative remedies, Jean-Rene's petition must be dismissed without prejudice.

### III. Conclusion

Because Jean-Rene failed to exhaust his administrative remedies prior to filing his petition, the undersigned respectfully **RECOMMENDS** that:

1. Jean-Rene's petition for writ of habeas corpus filed under 28 U.S.C. § 2241, Doc. 1, be **DISMISSED** without prejudice.

2. The clerk of the court be directed to close this case file.

At Pensacola, Florida, this <u>28th</u> day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**